Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS JORGE, | Civil Action No. 18-14674 (ES) (SCM) |
| Plaintiff, | OPINION |
| v. | |
| JOSE TORRES, et al. | |
| Defendants. | |

SALAS, DISTRICT JUDGE

This matter comes before the Court upon *pro se* Plaintiff Luis Jorge's ("Plaintiff") filing a complaint (D.E. No. 1 ("Compl.")) against Defendants Officer Fransisco Maldanado, Police Captain Hierberto Hernandez, Police Director Jerry Speziale, Paterson Mayor Jose Torres, and Fourth Ward Representative Ruby Cotton (collectively, "Defendants"). The Court previously granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.E. No. 2). Having screened Plaintiff's Complaint, the Court dismisses it for failure to state a claim upon which relief can be granted and for frivolousness. *See* 28 U.S.C. § 1915(e)(2)(B).

## I. Background

The Court notes that the Complaint is handwritten and difficult to understand. (*See* Compl.). The Court gleans, as best it can, the following alleged facts from the Complaint.

On May 4, 2013, Plaintiff was entering a building when he was approached by police officer Fransisco Maldanado, who stated: "I don[']t have my uniform on[.] [N]o[w] what you wana [sic] do[?]" (*See* Compl. at 5). Plaintiff called 911. (*Id.*). But when the dispatched officers

arrived, Plaintiff was arrested and falsely charged with "therastic [sic] threat."[1] (*Id.*). Afterward, Plaintiff and his seven-year-old child were illegally locked out of their apartment. (*See id.* at 5-6). Since then, the Police have stalked, harassed, and publicly humiliated Plaintiff by monitoring Plaintiff's every move. (*Id.* at 6). The Police accomplish this "through the use of informants, spies, and willing constituates [sic], whom partriputate [sic] at the will of the Department[']s profiling phone call[s]." (*Id.* at 6).

The Court construes the Complaint as asserting the following causes of action: (i) a Fourth Amendment unlawful seizure claim under 42 U.S.C. § 1983 for the false arrest; (ii) a Fourth Amendment unlawful seizure claim under 42 U.S.C. § 1983 for the illegal lockout; (iii) a claim under 18 U.S.C. § 242 for the police's stalking; and (iv) a 42 U.S.C. § 1983 civil conspiracy claim in connection with the police's stalking.

## II.     Legal Standard

After a court grants *in forma pauperis* status, a court screens the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Deutsch v. United States*, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995).

Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a claim for being *legally* frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally frivolous "where '[none] of the legal points [are] arguable on their merits.'" *Id.* (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)). A court may also dismiss a claim under 28 U.S.C. § 1915(e)(2)(B)(i) for being *factually* frivolous—i.e., where the claim's "factual contentions are clearly baseless." *Id.* at 327. Factually frivolous claims include those that contain "fanciful factual allegation[s]" or "fantastic or

---

[1]     The Court interprets Plaintiff's statement to mean that he was charged with making a terroristic threat under N.J. Stat. Ann. § 2C:12-3.

delusional scenarios." *Id.* at 325, 328. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Moreover, "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i) extends to the plain meaning of "frivolous," such that a court may dismiss a claim under this doctrine if it is "(1) of little or no weight, value, or importance; (2) not worthy of serious consideration; or (3) trivial." *Deutsch*, 67 F.3d at 1087.

When considering dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "But a court need not credit a complaint's bald assertions or legal conclusions. . . ." *KBZ Commc'ns Inc. v. CBE Techs. LLC*, 634 F. App'x 908, 910 (3d Cir. 2015) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Finally, complaints filed by *pro se* plaintiffs are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

**III.   Analysis**

   **A.   Fourth Amendment Unlawful Seizure Claim under 42 U.S.C. § 1983 for the False Arrest**

A false-arrest claim under 42 U.S.C. § 1983 requires a plaintiff to show that (1) he or she was arrested; and (2) the arrest was made without probable cause. *Brown v. Makofka*, 644 F. App'x 139, 143 (3d Cir. 2016). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). Courts examine the totality of the circumstances when determining whether probable cause exists. *Peterson v. Attorney Gen. Pa.*, 551 F. App'x 626, 628-29 (3d Cir. 2014).

Here, Plaintiff has not pleaded that his arrest was made without probable cause. (*See* Compl.). Plaintiff also has not pleaded any "factual content that allows the [C]ourt to draw the reasonable inference that" he was arrested without probable cause. (*See id.*); *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff has not pleaded a viable 42 U.S.C. § 1983 false-arrest claim. *See Brown*, 644 F. App'x at 143. Accordingly, the Court will dismiss this claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be afforded an opportunity to amend this claim.

   **B.   Fourth Amendment Unlawful Seizure Claim under 42 U.S.C. § 1983 for the Illegal Lockout**

A plaintiff bringing a 42 U.S.C. § 1983 claim must demonstrate "(1) a person deprived him

- 4 -

of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). Additionally, each individual defendant must have personal involvement in the alleged wrongdoing, which "can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Plaintiff alleges that "[he] was . . . illegally locked out with [his] 7 year old child." (Compl. at 5-6). Plaintiff does not specify who illegally locked him out of his apartment. (*See id.*). The Court does not know whether the person who locked Plaintiff out was a Paterson police officer, a civilian landlord, the mother of Plaintiff's child, etc. Thus, Plaintiff has not adequately pleaded that the person who deprived him of his constitutional right was *acting under the color of law*. *See Groman*, 47 F.3d at 633. Also, he has not alleged how each of the individual defendants was personally involved in the lockout. *See Evancho*, 423 F.3d at 353. For these reasons, the Court will dismiss this claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will provide Plaintiff an opportunity to amend this claim.

C. **Claim Under 18 U.S.C. § 242 for the Police's Stalking and the 42 U.S.C. § 1983 Civil Conspiracy Claim in Connection with the Stalking**

18 U.S.C. § 242 provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not

> more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

There is no private cause of action under 18 U.S.C. § 242. *Rockefeller v. Rehnquist*, No. 03-5282, 2004 WL 210649, at *1 (D.C. Cir. Jan. 30, 2004); *Duncan v. Cone*, No. 00-5705, 2000 WL 1828089, at *1 (6th Cir. Dec. 7, 2000); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). Because there is no private cause of action under 18 U.S.C. § 242, the Court must dismiss Plaintiff's stalking claims based on this statute as legally frivolous. *See Henry v. Essex Cty. Prosecutor's Office*, No. 16-8566, 2017 WL 1243146, at *3 (D.N.J. Feb. 24, 2017) ("[W]here a plaintiff seeks to bring a private cause of action under § 242, such a claim must be dismissed as frivolous.").

The Court will also dismiss Plaintiff's stalking claims as factually frivolous. Plaintiff's factual allegations that the Police are monitoring his every move and that the Police do so by telephone recruitment "of informants, spies, and willing constituates [sic]" is exactly the type of "fantastic or delusional scenario[]" warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *See, e.g., Goya v. U.S. Navy*, 35 F.3d 570, 570 (9th Cir. 1994) (affirming a dismissal of a claim as factually frivolous where the United States Navy was alleged to be harassing plaintiff and spying on her daily activities); *Hewlett v. Leon*, No. 11-0872, 2011 WL 1790733, at *1 (D.D.C. May 10, 2011) (dismissing as factually frivolous plaintiff's claim that law enforcement officers hired immediate family and friends to spy on him); *Drummond v. State of Maryland*, No. S-02-3686, 2002 WL 32325679, at *1 (D. Md. Nov. 18, 2002) (dismissing as factually frivolous plaintiff's claim that the State of Maryland through its employees "follow[s] [him] all day, every day, everywhere").

The Court will dismiss these two claims under 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff may not assert these claims in an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B). To the extent Plaintiff can cure the deficiencies identified in his unlawful seizure claims, the Court will allow Plaintiff to file an amended complaint. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**